**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICARDO M. SOMOZA,<br><br>           Plaintiff,<br><br>    v.<br><br>CENTRAL JUVENILE HALL, et al.,<br><br>           Defendants. | Case No. 2:22-cv-08538-SPG (BFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaints, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends dismissal of Plaintiff's Second Amended Complaint without further leave to amend and dismissal of this action with prejudice. (ECF No. 31.) As explained below, Plaintiff's objections to the Report (ECF No. 42) do not warrant a change to the Report's findings or recommendations.

Plaintiff objects that his "rights were violated by Defendants near[ly] 50 years ago[.]" (ECF No. 42 at 1.) This objection does not overcome the Report's finding that Plaintiff failed to allege why his claims, which involve the alleged

adulteration of his food while he was in juvenile hall during the 1970s, are not time-barred. (ECF No. 31 at 9-13.)

    Plaintiff objects that Defendants "deliberately and sadistically deprived Plaintiff of normal life by way of implementing saltpeter into Plaintiff's food and implemented a condiment and the one that left Plaintiff steril[e]." (ECF No. 42 at 1-2.) This objection does not overcome the Report's analysis of why Plaintiff has failed to state a claim on which relief may be granted. Specifically, as the Report explained, Plaintiff has not named a proper Defendant, has not alleged an official policy or custom that gave rise to the alleged acts, has not alleged anyone with supervisory authority knew of the problem, yet did nothing to address it, and has not alleged the circumstances under which the substance was added to his food. (ECF No. 31 at 6-9.)

    Finally, Plaintiff objects that this case should be allowed to "move forward." (ECF No. 42 at 2.) The Court has reviewed the filing that could be construed as Plaintiff's proposed Third Amended Complaint. (ECF No. 35.) The filing does not cure the pleading deficiencies identified in the Report, which explained that Plaintiff was required to provide "more than labels and conclusions." (ECF No. 31 at 3 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).) Because Plaintiff has failed to state a claim, despite having been granted two prior opportunities to amend, further leave to amend is not warranted. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("The fact that [plaintiffs] failed to correct these deficiencies in its Second Amended Complaint is a strong indication that the plaintiffs have no additional facts to plead. Accordingly, the district court did not err when it dismissed the [Second Amended Complaint] with prejudice, since it was clear that the plaintiffs had made their best case and had been found wanting.") (internal citation and quotation marks omitted); *see also Espy v. J2 Global, Inc.*, 99 F.4th 527, 542 (9th Cir. 2024) ("Because [Plaintiff] had previously been granted two chances to amend but still failed to state

a claim, 'the district court's discretion to deny leave to amend is particularly broad.'") (quoting *Zucco*, 552 F.3d at 1007).

In sum, Plaintiff's objections are overruled.

It is ordered that:

(1) the Report and Recommendation is accepted and adopted;

(2) the Second Amended Complaint is dismissed without leave to amend; and

(3) Judgment shall be entered dismissing this action with prejudice for failure to state a claim and because the Second Amended Complaint is untimely on its face.

DATED: August 21, 2024

_____
SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE